IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ERIC DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 06- |
| v. | ) |
| | ) **JURY DEMAND** |
| THOMAS RENA, a City of Bloomington Police Officer, in His Individual Capacity, JOHN HEINLEN, a City of Bloomington Police Officer, in His Individual Capacity, and CITY OF BLOOMINGTON, ILLINOIS, a Local Governmental Entity, | ) |
| Defendants. | ) |

# COMPLAINT

Now comes the Plaintiff, ERIC DAVIS, by RICHARD L. STEAGALL, his attorney, and complaining of the Defendants, THOMAS RENA, a City of Bloomington Police Officer, in His Individual Capacity, JOHN HEINLEN, a City of Bloomington Police Officer, in His Individual Capacity, and the CITY OF BLOOMINGTON, ILLINOIS, a Local Governmental Entity, states:

## I.
## Jurisdiction & Venue

1. Jurisdiction to hear Plaintiff's claims under the Civil Rights Act of 1871, 42 U.S.C. § 1983 is founded under 28 U.S.C. § 1343 c).

2. Plaintiff resides in Peoria County, Illinois. The defendants reside in McLean County, Illinois. Venue is founded in the Central District of Illinois under 28 U.S.C. § 1391 (b). The case is to be heard in the Peoria Division of this court under Local Rule 40.1.

3. The occurrence complained of occurred on July 15, 2004 on MacArthur Street near the intersection with Allin Street in the City of Bloomington, County of McLean, and State of Illinois.

## II.
## The Parties

4. Plaintiff is a resident of the City of Peoria, County of Peoria and State of Illinois.

5. Defendant, Thomas Rena, ("Officer Rena") is a police officer of the City of Bloomington, Illinois, who was acting under color of state law in the scope of his employment as a police officer at all material times here. He is sued in his Individual Capacity.

6. Defendant, John Heinlen, (Officer Heinlen") is a police officer of the City of Bloomington, Illinois, who was acting under color of state law in the scope of his employment as a police officer at all material times here. He is sued in his Individual Capacity.

7. Defendant, City of Bloomington, Illinois, is a local governmental entity organized and existing under the laws of the State of Illinois. The City is obligated to pay any settlement or judgment for compensatory damages of the conduct of its employees acting in the scope of their employment under Section 9-102 of the Illinois Local Governmental Tort Immunity Act. 765 ILCS 10/9-102 (2004). It is joined as an indispensable party under Fed.R.Civ.Proc. 19 (a).

## III.
## The Events of This Action

8. Plaintiff was an acquaintance of Eric Thomas who was a passenger in plaintiff's Mitsubishi vehicle which plaintiff drove from Peoria to Bloomington. Thomas asked plaintiff to drive him to Bloomington to pick up a vehicle Thomas had left there and plaintiff agreed.

9. Plaintiff's drove Thomas to a Wendy's in Bloomington, Illinois. Thomas met with a police informant referred to as "Chris". Plaintiff went to the rest room while Thomas and Chris were talking. When plaintiff returned from the rest room, he heard Thomas say he wanted to go to Chris' house and Chris said he could not go home because he had a woman in the hotel.

10. Plaintiff took Thomas in his vehicle following Chris in his vehicle across the street to the Day's Inn. Plaintiff remained in his vehicle in the parking lot of the Day's Inn. Thomas exited plaintiff's vehicle and got into Chris' vehicle. After a couple of minutes, Thomas returned to plaintiff's vehicle. Chris left in his vehicle and plaintiff left with Thomas in his vehicle.

11. While Thomas was in Chris' vehicle, he sold crack cocaine to Chris. Plaintiff did not participate in Thomas' sale of cocaine and did not know of Thomas' possession and intent to deliver the crack cocaine. The criminal charges brought against plaintiff for Thomas' sale of a controlled substance were dismissed on the motion of the McLean County State's Attorney. Thomas was convicted of the felony of delivery of a controlled substance in the Circuit Court of McLean County, Illinois for the sale to Chris and was sentenced to a term of imprisonment in the Illinois Department of Corrections.

12. Plaintiff was unfamiliar with Bloomington and its streets. He followed Thomas' directions on where to drive his vehicle. Plaintiff's vehicle eventually reached Allin Street.

13. Plaintiff saw patrol cars coming with their lights flashing. When they speeded up behind him, he turned his vehicle right onto MacArthur which was a one way street the other way, and brought his vehicle to a stop.

14. Officer Rena and Heinlen are K-9 officers who had their police dogs present with them in their squad cars and were using them in the arrest of plaintiff and Thomas when plaintiff's vehicle came to a stop. Rena's dog was a large shepard named Rocky and Heinlen's was a large shepard named Kao.

15. When their vehicles were brought to a stop, Officers Heinlen and Rena had their pistols drawn and ordered plaintiff and Thomas out of the vehicle. Heinlen approached the passenger side from between the curb and sidewalk with Kao under Heinlen's control on a leash. As Heinlen was approaching the passenger side of plaintiff's vehicle, Kao while still leashed and under Heinlen's control, jumped up and bit another Bloomington police officer at the scene on the arm and eventually released the officer's arm.

16. Thomas followed Officer Heinlen's directions, placed his hand outside the passenger door, opened it, and exited with his hands in the air as ordered. Thomas was placed in handcuffs and taken into a squad car. Officer Heinlen and his dog Kao remained on the passenger side of plaintiff's vehicle looking into the passenger side of the vehicle through the door Thomas had left open on the police officers' command.

17. When plaintiff first brought his vehicle to a stop, Officer Rena remained behind the driver's side door of his squad car with pistol drawn and his police dog Rocky leashed under his control. Officer Rena shouted commands for plaintiff to open the door through the window and keep his hands in the air.

18. Plaintiff attempted to open the door from the outside several times in Officer Rena's view, but was unable to do so. Plaintiff then asked if he could open the door from the

inside. Officer Rena instructed plaintiff to do so, but to keep his hands in the air and then immediately raise them again after opening the door.

19. Plaintiff complied with Officer Rena's instructions. He opened the door from the inside and then returned both his hands to a raised position in the air.

20. While plaintiff had his hands in the air looking toward Officer Rena, Officer Rena released his police dog Rocky and instructed him to attack plaintiff. Officer Heinlen was observing the plaintiff from the open passenger door and saw plaintiff's hands in the air. He did not inform Officer Rena that plaintiff's hands were free of anything and there were no weapons in open areas of the plaintiff's vehicle. When Officer Heinlen heard Officer Rena release his police dog Rocky with directions to attack, Heinlen also released Kao with directions to attack.

21. The police dogs Rocky and Kao followed their training and the officers' directions and charged into the vehicle with opened jaws which they then closed to bite plaintiff a number of times.

## IV.
## Plaintiff's Claims

22. There was in full force and effect in the United States of America the following provisions of the Constitution of the United States and the statutes of the United States.

### Constitution of the United States

**Amendment [IV]**

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue except on probable cause, supported by Oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized.

**Amendment [XIV]**

... nor shall any State deprive any person of life, liberty, or property, without due process of law ...

**42 U.S.C. § 1983 Civil action for deprivation of rights**

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...

23.     The conduct of defendants, Officer Rena and Heinlen, acting under color of state law in releasing and directing their police dogs to attack plaintiff as specifically alleged in ¶ 18-21 used excessive force against plaintiff who was complying with their commands and attempting to exit the vehicle in deprivation of plaintiff's right to bodily integrity guaranteed him under the Fourth Amendment as made applicable to state actors by the due process clause of the Fourteenth Amendment.

## V.
## Plaintiff's Remedies

24.     By reason of these premises and as a direct and proximate result of the excessive force used against plaintiff by defendants, Officer Rena and Heilen, in deprivation of his Fourth Amendment right to be free from unreasonable seizures, plaintiff suffered lacerations and injuries to his body; plaintiff has in the past endured physical pain and suffering; plaintiff has in the past been disabled and has disfigurement; plaintiff has been disabled from carrying on his affairs in the manner he would have had it not been for the injuries.

25. Plaintiff has and will incur attorney's fees and expenses in the prosecution of this action for which he is entitled to an award to a prevailing plaintiff as a part of costs under 42 U.S.C. § 1998.

26. The City is obligated to pay any settlement or judgment for compensatory damages of the conduct of its employees acting in the scope of their employment under Section 9-102 of the Illinois Local Governmental Tort Immunity Act. 765 ILCS 10/9-102 (2004).

## VI.
## Prayer for Relief

**WHEREFORE**, Plaintiff, ERIC DAVIS, prays for judgment against the Defendants, THOMAS RENA, a City of Bloomington Police Officer, in His Individual Capacity, JOHN HEINLEN, a City of Bloomington Police Officer in His Individual Capacity, and the CITY OF BLOOMINGTON, ILLINOIS, a Local Governmental Entity, in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000), plus an award of reasonable attorney's fees and expenses incurred in prosecuting this action under 42 U.S.C. § 1988 as a part of costs.

**Plaintiff Demands a Trial by Jury**

ERIC DAVIS, Plaintiff

By: s/Richard L. Steagall
Attorney for the Plaintiff

RICHARD L. STEAGALL
Nicoara & Steagall
Commerce Building
416 Main Street, Suite 815
Peoria, IL 61602-1103
Tel: (309) 674-6085
nicsteag@mtco.com