## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC DAVIS,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>)<br>THOMAS RENA, JOHN HEINLEN, and  )<br>THE CITY OF BLOOMINGTON, ILLINOIS,  )<br>)<br>Defendants.  ) | Case No. 06-1184 |

## O R D E R

This matter is now before the Court on a Motion to Dismiss by the City of Bloomington, Illinois (the "City"). For the reasons set forth below, the Motion to Dismiss [#8] is DENIED.

### JURISDICTION

The Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1331, as the claim arises under 42 U.S.C. § 1983.

### BACKGROUND

The City has now moved to be dismissed the Complaint, arguing that it is an improper party. Plaintiff has filed his response, and this Order follows.

### STANDARD OF REVIEW

In resolving a motion to dismiss, this Court must consider all well-pled facts as true and must draw all inferences in favor of the non-moving party. Bontkowski v. First Nat. Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993), *cert. denied*, 114 S.Ct. 602 (1993); Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984);

Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995).  In ruling on a motion to dismiss, courts consider whether relief is possible under any set of facts that could be established consistent with the allegations in the Complaint.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  This Court will dismiss a claim only if it is beyond doubt that no set of facts would entitle the Plaintiffs to relief.  Chaney v. Suburban Bus Div., 52 F.3d 623, 627 (7th Cir. 1995);  Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 432 (7th Cir. 1993).

## DISCUSSION

The City moves to be dismissed from this action on the grounds that it is not a proper party to this litigation.  If the Complaint alleged nothing more than vicarious liability against the City, a municipal entity, then the Court would be inclined to agree, as such claims are plainly prohibited under Monell v. New York City Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018 (1978), and its progeny.

However, the Complaint clearly alleges that the City is not named as a party for purposes of substantive liability of the sort prohibited by Monell.  Rather, the Complaint clearly alleges that the City is named as a necessary party, as it is obligated to pay any settlement or judgment for compensatory damages for the conduct of its employees acting in the scope of their employment under 765 ILCD 10/9-102, which provides in relevant part:

> A local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages for which it or an employee while acting within the scope of employment is liable in the manner provided in this article.

In Carver v. Sheriff of LaSalle County, 324 F.3d 947, 948 (7th Cir. 2003) (hereinafter referred to as "Carver III"), the Seventh Circuit addressed § 9-102 as it pertains to counties

and noted that counties are necessary parties in suits seeking damages from an independent county officer. "Because state law requires the county to pay, federal law deems it an indispensable party to the litigation . . . [and] in the future counties must be named as parties and are entitled to remain in the suit, so that they may veto improvident settlements proposed (at their expense) by the independently elected officers." Id.

The City criticizes this portion of Carver III as dicta, and while that may technically be an accurate description since the statement was not necessary to the court's holding, subsequent decisions reveal that both the Seventh Circuit and district courts applying Carver III have given this portion of the opinion substantial weight. In Robinson v. Sappington, 351 F.3d 317, 338 (7th Cir. 2004), the Seventh Circuit expressly cited this portion of Carver III in finding that the "implied rule from the Supreme Court of Illinois' decision in Carver II applies with equal force in the present case" in holding that a county was a necessary party to an action against a circuit court judge because it had a financial interest in the outcome of the litigation. The same principles were again noted in Roger Whitmore's Automotive Services, Inc. v. Lake County, Illinois, 424 F.3d 659, 676 (7th Cir. 2005), where the Seventh Circuit acknowledged that "Illinois counties may properly be pleaded as necessary parties" in suits seeking damages against county officers to address Illinois law requiring counties to bear the financial burden for damages in such suits. *See also,* Wallace v. Masterson, 345 F.Supp.2d 917, 924-25 (N.D.Ill. 2004) (finding that this concept applies to cases in which the officer is sued in his personal capacity, as § 9-102 requires the municipal entity to bear financial responsibility for actions taken by an employee within the scope of his employment); Weber v. Keller, 2004 WL 1368792, at *2

(N.D.Ill. June 16, 2004); Cobbs v. Sheahan, 2003 WL 22514523, at *1 (N.D.Ill. Nov. 3, 2003).

The City next argues that as § 9-102 directs municipalities to pay judgments or settlements, any claim against it is not yet ripe, as no judgment has been rendered, and no settlement has been reached. Again, the Court must respectfully disagree, as the Seventh Circuit's decision in Robinson applied to a case that had not yet gone to trial or resulted in any judgment or settlement with respect to the pertinent defendant. In fact, in that case, which ultimately went to trial before this Court, the county was present for all hearings and participated on a minimal level in the trial in order to protect its financial interests. Robinson v. Sappington, Case No. 04-1360.

Given the language of § 9-102, the Court sees no reason why these holdings are not equally applicable to this case. Accordingly, the Court declines the City's request to be dismissed.

## **CONCLUSION**

For the reasons set forth above, the City's Motion to Dismiss [#8] is DENIED. The City shall answer the Complaint within 21 days of the date of this Order.

ENTERED this 26th day of October, 2006.

                                                  s/ Michael M. Mihm
                                                  Michael M. Mihm
                                                 United States District Judge